UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | |
| | : | |
| SOPHIE CAHEN VORBURGER, | : | Case No: 09-13871 (AJG) |
| | : | (Chapter 11) |
| Debtor. | : | |

**ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION OF COURT'S ORDER CONFIRMING THE ABSENCE OF AN AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(j), OR IN THE ALTERNATIVE GRANTING RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. SECTION 362(d)(1)**

The Debtor's affidavits filed on May 19, 2010, and June 17, 2010, were considered by the Court as opposition to the motion of Creditor 329108 Owners Corp. for confirmation of the absence of an automatic stay, or in the alternative, for relief from the automatic stay ("Creditor's motion"). The order entered on August 13, 2010, which granted Creditor's motion, incorrectly stated that no opposition to the motion had been interposed. The Court heard the arguments of counsel at the June 9, 2010 hearing and reviewed the aforementioned affidavits submitted by the Debtor. The Debtor's opposition fails to address the statutory requirement of termination of the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(A), and establishes no independent basis upon which to reimpose the stay. The Debtor failed to move for a continuation of the stay within the statutorily prescribed 30-day time frame, resulting in the termination of the automatic stay. In order to obtain a reinstatement of the stay despite failing to make a proper and timely motion for continuation under § 362(c)(3)(B), the Debtor would have had to move

for the Court to exercise its authority under 11 U.S.C. § 105(a).[1] *See In re Charles & Lillian Brown's Hotel, Inc.*, 93 B.R. 49, 54 (Bankr. S.D.N.Y. 1988) (mentioning that 105(a) has been held to allow bankruptcy courts to continue the stay after automatic stay period has run under § 362(e)); *In re Wedgewood Realty Group, Ltd.*, 878 F.2d 693, 701 (3d Cir. 1989) (agreeing with the majority of courts that a lapsed stay may be reimposed under §105(a)).  Courts may exercise their powers under § 105(a) on a limited discretionary basis.  *In re Charles & Lillian Brown's Hotel, Inc.*, 93 B.R. 49, 54 (Bankr. S.D.N.Y. 1988).  To obtain a stay from any court of equity, the moving party would have to show "serious, if not irreparable injury and a tipping of the balance of the equities in favor of the party seeking the stay." *In re Lion Capital Group*, 44 B.R. 690, 701 (Bankr. S.D.N.Y. 1984).  S*ee also In re Zahn Farms*, 206 B.R. 643, 645 (B.A.P. 2d Cir. 1997) (request to reinstate automatic stay "is, in fact, a request for an injunction and should meet the standards therefor").  The Debtor does not present any arguments that would warrant the Court exercising its § 105(a) equitable powers to reimpose the automatic stay in this case.  For the reasons set forth above, it is hereby

    ORDERED that the Debtor's motion to reconsider is denied.

Dated:  New York, New York
        August 31, 2010

                              <u>s/Arthur J. Gonzalez</u>
                              CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[1] Section 105(a) provides that:
    The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.  No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.